IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SCOTT PETRETTA,<br><br>  Plaintiff,<br><br>v.<br><br>GOCARS.COM, an Internet domain name, GODOCTOR.COM, an Internet domain name, GOELECTRIC.COM, an Internet domain name, GOFASHION.COM, an Internet domain name, GOGAMES.COM, an Internet domain name, GOGIFTS.COM, an Internet domain name, GONUCLEAR.COM, an Internet domain name, GOPARTS.COM, an Internet domain name, GOPARTY.COM, an Internet domain name, GORESTAURANTS.COM, an Internet domain name, GOSAFETY.COM, an Internet domain name, GOSALES.COM, an Internet domain name, GOSERVICE.COM, an Internet domain name, GOTOUR.COM, an Internet domain name, GOWEATHER.COM, an Internet domain name, MX4.COM, an Internet domain name, and JOHN DOE,<br><br>  Defendants. | Civil Action No. _____ |

## VERIFIED COMPLAINT

Plaintiff Scott Petretta ("Plaintiff"), by counsel, alleges as follows for his Verified Complaint against Defendants:

## NATURE OF THE SUIT

1. Plaintiff's claims in this case involve intellectual property theft by computer hacking—colloquially referred to as "domain name theft" or "domain name hijacking." To recover his valuable intellectual property, Plaintiff asserts *in rem* claims under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), alternatively under 28

U.S.C. § 1655, and Virginia common law, and *in personam* claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and Virginia common law, arising from the unauthorized access to Plaintiff's secured computer account and the unauthorized transfer and theft of the GOCARS.COM, GODOCTOR.COM, GOELECTRIC.COM, GOFASHION.COM, GOGAMES.COM, GOGIFTS.COM, GONUCLEAR.COM, GOPARTS.COM, GOPARTY.COM, GORESTAURANTS.COM, GOSAFETY.COM, GOSALES.COM, GOSERVICE.COM, GOTOUR.COM, GOWEATHER.COM, and MX4.COM domain names (the "Defendant Domain Names").

2. Plaintiff seeks injunctive and other equitable relief as a result of the actions of a person of unknown identity who gained unauthorized access to Plaintiff's domain name management account on a protected computer, transferred control of the Defendant Domain Names from Plaintiff's account, and thereby disabled Plaintiff's control of the Defendant Domain Names causing irreparable injury to Plaintiff.

## PARTIES

3. Plaintiff Scott Petretta is an individual residing in Belleville, New Jersey. Plaintiff was the sole principal of Multi-Force Corp., also known as MX4 ("MX4"). For years, Plaintiff has engaged in business using the names Multi-Force Corp. and/or MX4. When the corporate entity Multi-Force Corp. ceased activity, Plaintiff acquired its assets. Through his business and, currently, in his individual capacity, Plaintiff was, and is, the rightful owner of the Defendant Domain Names.

4. Defendant GOCARS.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred

to the domain name registrar Epik Inc.  A copy of the current domain name registration record for GOCARS.COM is attached as Exhibit A.

5. Defendant GODOCTOR.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar GoDaddy.com, LLC.  A copy of the current domain name registration record for GODOCTOR.COM is attached as Exhibit B.

6. Defendant GOELECTRIC.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar Uniregistrar Corp.  A copy of the current domain name registration record for GOELECTRIC.COM is attached as Exhibit C.

7. Defendant GOFASHION.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar Epik Inc.  A copy of the current domain name registration record for GOFASHION.COM is attached as Exhibit D.

8. Defendant GOGAMES.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar Epik Inc.  A copy of the current domain name registration record for GOGAMES.COM is attached as Exhibit E.

9. Defendant GOGIFTS.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar PSI-USA, Inc. dba Domain Robot.  A copy of the current domain name registration record for GOGIFTS.COM is attached as Exhibit F.

10. Defendant GONUCLEAR.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar Uniregistrar Corp. A copy of the current domain name registration record for GONUCLEAR.COM is attached as Exhibit G.

11. Defendant GOPARTS.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar GoDaddy.com, LLC. A copy of the current domain name registration record for GOPARTS.COM is attached as Exhibit H.

12. Defendant GOPARTY.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar Epik Inc. A copy of the current domain name registration record for GOPARTY.COM is attached as Exhibit I.

13. Defendant GORESTAURANTS.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar Epik Inc. A copy of the current domain name registration record for GORESTAURANTS.COM is attached as Exhibit J.

14. Defendant GOSAFETY.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar GoDaddy.com, LLC. A copy of the current domain name registration record for GOSAFETY.COM is attached as Exhibit K.

15. Defendant GOSALES.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred

to the domain name registrar DomainPeople, Inc.  A copy of the current domain name registration record for GOSALES.COM is attached as Exhibit L.

16. Defendant GOSERVICE.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar Epik Inc.  A copy of the current domain name registration record for GOSERVICE.COM is attached as Exhibit M.

17. Defendant GOTOUR.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar Uniregistrar Corp.  A copy of the current domain name registration record for GOTOUR.COM is attached as Exhibit N.

18. Defendant GOWEATHER.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar Epik Inc.  A copy of the current domain name registration record for GOWEATHER.COM is attached as Exhibit O.

19. Defendant MX4.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, has been improperly transferred to the domain name registrar GoDaddy.com, LLC.  A copy of the current domain name registration record for MX4.COM is attached as Exhibit P.

20. Defendant John Doe is a person of unknown identity who gained unauthorized access to Plaintiff's protected domain name management account and, without consent or authority, transferred control of Defendant Domain Names away from Plaintiff.

## JURISDICTION, VENUE AND JOINDER

21. This action arises under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), 28 U.S.C. § 1655, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims under the common law of Virginia.

22. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), 28 U.S.C. § 1367, 28 U.S.C. § 1655, and the doctrines of ancillary and pendent jurisdiction.

23. This Court has *in rem* jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A) and 28 U.S.C. § 1655.

24. *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(i)(I) because the registrants of the Defendant Domain Names are being concealed and Plaintiff, despite his due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A). Plaintiff has provided notice to the Defendants of his intent to proceed *in rem* against the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I)(aa).

25. The Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(3) and (4), states that the *in rem* action, jurisdiction, and remedies created by the statute are "in addition to any other civil action or remedy otherwise applicable" and "in addition to any other jurisdiction that otherwise exists, whether in rem or in personam."

26. *In rem* jurisdiction is also appropriate under 28 U.S.C. § 1655 because the Defendant Domain Names are property situated in this district and Plaintiff is asserting his

claim of ownership to the Defendant Domain Names and seeking removal of the cloud on the title of the domain names.

27. Plaintiff's claims against John Doe for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and for conversion, are based on John Doe's unauthorized access to and alteration of computer records maintained on protected computers for the .COM domain registry located within the district so as to effectuate the theft of the Defendant Domain Names.

28. John Doe directed the acts complained of herein toward the district and utilized instrumentalities in the district in that John Doe gained unauthorized access to Plaintiff's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained in the district by VeriSign to be altered so as to transfer control of Defendant Domain Names away from Plaintiff.

29. Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1655 in that the Defendant Domain Names are property situated in this district and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

30. Joinder of the Defendant Domain Names and Defendant John Doe is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to all of the Defendants.

**PLAINTIFF'S RIGHTS**

31. Plaintiff Scott Petretta founded Multi-Force Corp. – also known as MX4 – in 1988 as a technologies market research, project management, and web development firm. Multi-

Force published market research studies, held technology conferences, provided consulting services and developed several websites.

32. MX4 is no longer an active corporation, and Plaintiff, as its sole principal, has acquired all of MX4's assets.

33. Plaintiff, as the sole principal of MX4 and the owner of all MX4 assets, is the first, and only lawful, owner of the Defendant Domain Names as shown by the identification of MX4 and/or Plaintiff as the registrant in archived whois records for the Defendant Domain Names going back to 2001.

34. Plaintiff, as the sole principal of MX4 and the owner of all MX4 assets, has owned the domain name MX4.COM since registering the domain name through Network Solutions, Inc. in the 2001. Attached hereto as Exhibit Q is a historical Whois record showing Plaintiff, by and through MX4, as the registrant of the MX4.COM domain name.

35. Plaintiff used MX4 and/or MX4.COM domain name for over two decades to promote and provide its technologies market research, project management, and web development services (the "MX4 Mark"), with the oldest archived copy of the website dating to February 16, 2001:



36. Plaintiff used the MX4 Mark in U.S. commerce, including through use of the MX4.COM domain name and website until Defendant John Doe stole the domain name and then disabled Plaintiff's access to and control of the domain name.

37. As part of its technologies market research, project management, and web

development services, Plaintiff, by and through MX4, registered and used a family of GO Family of Marks and domain names beginning in **2001** including GOCARS.COM, GODOCTOR.COM, GOEDUCATION.COM, GOELECTRIC.COM, GOFASHION.COM, GOGAMES.COM, GOGIFTS.COM, GONUCLEAR.COM, GOPARTS.COM, GOPARTY.COM, GORESTAURANTS.COM, GOSAFETY.COM, GOSALES.COM, GOSERVICE.COM, GOSYSTEMS.COM, GOTOUR.COM, GOTOYS.COM, and GOWEATHER.COM (the "GO Family of Marks").

38. Attached hereto as Exhibit R are historical Whois records showing Plaintiff, by and through MX4, as the registrant the domain names corresponding to the GO Family of Marks.

39. As early as the oldest archived copy of the MX4.COM website – February 16, 2001 – Plaintiff, through MX4, used the GO Family of Marks as an additional way to identify and promote his services, to link to and among his websites, and to direct customers and potential customers to Plaintiff and MX4:



40. Plaintiff used the MX4 Mark and GO Family of Marks in U.S. commerce in association with the technologies market research, project management, and web development

services until Defendant John Doe stole the domain names and thereby disabled Plaintiff's access to and control of the domain names.

41. Plaintiff is entitled to common law trademark protection in the MX4 Mark and GO Family of Marks by virtue of use of the marks in U.S. commerce in association since 2001.

42. John Doe's unauthorized transfer and subsequent misuse of the Defendant Domain Names further demonstrate that the MX4 Mark and GO Family of Marks are entitled to trademark protection.

**UNLAWFUL TRANSFER AND REGISTRATION OF THE DOMAIN NAMES**

43. The Verizon 2020 Data Breach Investigations Report reported that there were over 108,069 security breaches in 2019—with 100,000+ of the breaches involving the unauthorized use of an individual's login credentials to obtain unlawful access to a secured account.

44. Plaintiff's claims in the present case involve one of the most recent iterations of such computer hacking actions—colloquially referred to as "domain name theft."

45. Plaintiff maintains a domain name management account with Dotster.com, a reseller of the ICANN accredited registrar Domain.com, LLC.

46. Plaintiff's domain name management account with Dotster.com is maintained on a protected computer and access to the account should be restricted to only those persons that possess Plaintiff's username and password.

47. Upon review of Plaintiff's domain name management account with Dotster.com, Plaintiff learned that the MX4.COM and GO formative domain names had been transferred to various registrars. A search of Plaintiff's administrative e-mail account reveals that Plaintiff

never received notifications that the Defendant Domain Names were being transferred. Such domain name transfer notification emails are required by ICANN.

48. On information and belief, John Doe obtained unauthorized access to Plaintiff's domain registrar account and manipulated the computer records to obtain the transfer of the Defendant Domain Names through an "account transfer" within Dotster.com or other surreptitious manner intended to avoid detection by Plaintiff.

49. On information and belief, John Doe prevented Plaintiff from receiving electronic communications seeking approval for the transfer of the Defendant Domain Names and obtained unauthorized access to such electronic communications so as to approve the transfer.

50. When the Defendant Domain Names were transferred by John Doe without authorization, the domain name registrant information was changed and the technical settings for the domain name were changed thereby disabling Plaintiff's ability to control the domain names and associated websites.

51. Plaintiff immediately contacted Dotster upon learning of the theft of the Defendant Domain Names. Dotster confirmed that Plaintiff's account was hacked and that the Defendant Domain Names were transferred without authorization, but Dotster has been unwilling to secure the return of the domain names.

52. Plaintiff also filed a report with the FBI concerning the theft of the Defendant Domain Names immediately upon learning that the domains had been transferred away from his Dotster account.

53. Upon learning of the theft, Plaintiff also contacted all of the registrars for the Defendant Domain Names through the contact information provided by the whois records for

the domain names, and advised that the domain names had been stolen and asked for the immediate return of the domain names.

54. Three domain names stolen from Plaintiff at the same time were subsequently returned to Plaintiff by a person who purchased them from Defendant John Doe without knowledge that they were stolen. Those three domain names (GOSYSTEMS.COM, GOEDUCATION.COM, and GOTOYS.COM) are not defendants in this action because they have been recovered.

55. The registration and use of the Defendant Domain Names by John Doe are without authorization from Plaintiff.

56. The Defendant Domain Names do not reflect the trademark or intellectual property rights of John Doe.

57. On information and belief, the Defendant Domain Names do not reflect the legal name of John Doe.

58. John Doe has not engaged in bona fide noncommercial or fair use of Plaintiff's MX4 Mark and GO Family of Marks in websites accessible under the Defendant Domain Names.

59. John Doe provided material and misleading false contact information in the domain name registrations when changing the registrant for the Defendant Domain Names from Plaintiff.

60. John Doe transferred the Defendant Domain Names without authorization from Plaintiff and thereby acquired domain names which John Doe knew were identical to, and reflective of, Plaintiff's MX4 Mark and GO Family of Marks.

61. As stolen domain names, no subsequent registrant may acquire title to the

Defendant Domain Names that are superior to Plaintiff's title to the domain names.

## FIRST CLAIM FOR RELIEF (IN REM)
*Violation of the Anticybersquatting Consumer Protection Act*

62. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

63. Plaintiff's MX4 Mark and GO Family of Marks are distinctive and were distinctive prior to the time the Defendant Domain Names were transferred away from Plaintiff without authorization and thereby unlawfully registered to John Doe.

64. The aforesaid acts by John Doe constitute registration, trafficking, and/or use of domain name that are identical to Plaintiff's MX4 Mark and GO Family of Marks, with bad faith intent to profit therefrom.

65. The aforesaid acts constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

66. The aforesaid acts have caused, and are causing, great and irreparable harm to Plaintiff and the public. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i) and 28 U.S.C. § 1655, Plaintiff is entitled to an order transferring the Defendant Domain Names registrations back to Plaintiff.

## SECOND CLAIM FOR RELIEF (IN REM)
*Quiet Title*

67. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

68. Plaintiff has valid legal and equitable titles to the Defendant Domain Names by virtue of his registration and ownership of the domain names since 2001.

69. The Defendant Domain Names were stolen from Plaintiff and no subsequent registrant may acquire valid title to the domain names—whether or not any such registrant purports to be a bona fide purchaser.

70. Through control of the domain names, John Doe has asserted a claim to the Defendant Domain Names that impedes Plaintiff's ownership and control of the domain names and constitutes a cloud on Plaintiff's title to the domain names.

71. Plaintiff is entitled to a declaration from the Court, including without limitation pursuant to 28 U.S.C. § 1655, that he is the lawful owner and registrant of the Defendant Domain Names and that there are no other valid claims against the title to the Defendant Domain Names.

### THIRD CLAIM FOR RELIEF (IN PERSONAM)
*Violation of the Computer Fraud & Abuse Act*

72. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

73. John Doe: (a) knowingly and intentionally accessed Plaintiff's domain name management account on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication (18 U.S.C. § 1030(a)(2)(C)); (b) knowingly and with an intent to defraud accessed Plaintiff's domain name management account on a protected computer without authorization and obtained information from the computer, which John Doe used to further a fraud and obtain something of value (18 U.S.C. § 1030(a)(4)); and (c) intentionally accessed Plaintiff's domain name management account on a protected computer without authorization, and as a result of such conduct caused damage and loss (18 U.S.C. § 1030(a)(5)(C)).

74. John Doe's unlawful actions have included causing the protected domain name

registration records maintained in the district by VeriSign to be altered so as to transfer control of Defendant Domain Names away from Plaintiff.

75. Plaintiff has suffered damages as a result of the conduct complained of herein and the loss of the Defendant Domain Names.

### FOURTH CLAIM FOR RELIEF (IN PERSONAM)
*Violation of the Electronic Communications Privacy Act*

76. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

77. On information and belief, John Doe intentionally accessed without authorization electronic communications sent by the domain name registrar to Plaintiff seeking Plaintiff's approval for the transfer of the Defendant Domain Names.

78. On information and belief, John Doe obtained such electronic communications and/or prevented Plaintiff's authorized access to such electronic communications while the communications were in electronic storage.

79. John Doe engaged in such actions with a knowing and/or intentional state of mind, and such actions constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707.

80. Plaintiff has suffered damages including the loss of the Defendant Domain Names as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and attorney's fees under the Electronic Communications Privacy Act.

### FIFTH CLAIM FOR RELIEF (IN PERSONAM)
*Conversion*

81. Plaintiff repeats and realleges each and every allegation set forth in the foregoing

paragraphs, as though fully set forth herein.

82. Plaintiff is the owner of property rights in and to the Defendant Domain Names.

83. John Doe has wrongfully taken control of the Defendant Domain Names.

84. John Doe's wrongful exercise of dominion and control over the Defendant Domain Names deprives Plaintiff of use and control of the Defendant Domain Names in violation of Plaintiff's rights in and to the domain names.

85. To the extent that John Doe has subsequently transferred the Defendant Domain Names to a person or persons other than John Doe, such other person's wrongful exercise of dominion and control over the Defendant Domain Names deprives Plaintiff of use and control of the Defendant Domain Names in violation of Plaintiff's rights in and to the domain names.

86. Plaintiff has suffered damages including the loss of the Defendant Domain Names as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and/or attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests of this Court:

1. That judgment be entered in favor of Plaintiff on his *in rem* claims under the Anticybersquatting Consumer Protection Act, 28 U.S.C. § 1655, and for quiet title against the res Defendants GOCARS.COM, GODOCTOR.COM, GOELECTRIC.COM, GOFASHION.COM, GOGAMES.COM, GOGIFTS.COM, GONUCLEAR.COM, GOPARTS.COM, GOPARTY.COM, GORESTAURANTS.COM, GOSAFETY.COM, GOSALES.COM, GOSERVICE.COM, GOTOUR.COM, GOWEATHER.COM, and MX4.COM.

2. That judgment be entered in favor of Plaintiff on his *in personam* claims under

the Computer Fraud and Abuse Act, the Electronic Communications Privacy Act, and for Conversion against Defendant John Doe.

3. That the Court order the Defendant Domain Names be returned to Plaintiff through VeriSign's transfer of the domain names from the current domain name registrars to Plaintiff registrar of choice, GoDaddy.com, LLC, and by GoDaddy's change of the registrants back to Plaintiff.

4. That the Court order an award of actual, statutory, and/or punitive damages, costs and reasonable attorney's fees; and

5. That the Court order an award to Plaintiff of such other and further relief as the Court may deem just and proper.

Dated: August 26, 2020     By:     /s/ Attison L. Barnes, III /s/
Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (*for pro hac admission*)
Adrienne J. Kosak (VA Bar No. 78631)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)
abarnes@wiley.law

*Counsel for Plaintiff
Scott Petretta*

## VERIFICATION

I, Scott Petretta, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing Verified Complaint are true and correct.

_____
Scott Petretta

_____8/25/20_____
Date